THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  2:05CR99 DS |
| Plaintiff, | ) | |
| v. | ) | **SENTENCING MEMORANDUM OPINION** |
| DANIEL DAVID YOUNG, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

In January 2005 Daniel David Young chatted online with two different individuals that he believed were 13-year-old girls.  He graphically asked them both to perform oral sex on him, sent them a picture of his penis, and after arranging to meet one of them, arrived at the meeting spot, where he was arrested.  Mr. Young was originally charged with a violation of 18 U.S.C. § 2422(b), Enticement of a Minor, a statute that carries a five-year mandatory minimum term.  As part of a plea agreement, the U.S. accepted Mr. Young's plea to a violation of 18 U.S.C. § 2425, Transmission of the Name of a Minor for Enticement, which carries no mandatory minimum term and a five-year maximum sentence.  Mr. Young filed a motion for a reduction in his sentence on several grounds: (1) that the two-point increase for using a computer constitutes "double counting," (2) that his criminal act was aberrant behavior, and (3) that he has made

exceptional post-offense rehabilitation.  This Court finds only his exceptional rehabilitation argument persuasive.

## II.  ANALYSIS

**A.  The two-point increase for using a computer in the commission of the offense is appropriate in this case.**

Mr. Young acknowledges that the base offense level is 24, and pursuant to USSG § 2G1.3(b)(3) there is a two-point increase for using a computer in the commission of the offense. He argues, however, that the two-point increase is inappropriate because use of the computer is an element of the offense itself.  He states that practically every defendant charged with a violation of 18 U.S.C. § 2425 will have used a computer, and thus the enhancement constitutes double counting.  The Court rejects this argument.

18 U.S.C. § 2425 contains significant language that contemplates mail, phone, or even a federal territorial basis for jurisdiction under the statute.  Specifically using a computer is not a listed element of this offense.  And the legislative history related to the computer enhancement reflects that Congress clearly intended to impose harsher penalties on defendants who used computers to commit their offenses:

> [W]e must also be vigilant in seeking to ensure that the Internet is not perverted into a hunting ground for pedophiles and other sexual predators, and a drive-through library and post office for purveyors of child pornography. . . .  One step that we can take is to ensure strong penalties for those who use the Internet for these horrible purposes.

*United States v. Robertson,* 340 F.3d 1109, 1113 (10th Cir. 2003) (quoting 144 Cong. Rec. H10,522 (daily ed. Sept. 17, 1998)) (statement of Senator Hatch).  The Tenth Circuit noted, "if

the penalties for using the computer medium are especially severe, the hope is that pedophilic predators will cease to find cyberspace such a safe and attractive hunting ground." *Id.* at 1114 (internal citations omitted).

As the government points out, Mr. Young *twice* chose the Internet and his computer for the seduction in this matter instead of mails. This specific choice of the Internet as his means of enticement is not reflected in the elements of his conviction. Because Congress specifically intended to impose a more severe penalty for crimes that involved the enticement of minors over the Internet and via computer, this Court will apply the two-point increase for using a computer in the commission of the offense.

**B.  Mr. Young has not presented sufficient facts in support of reducing his sentence due to the aberrant nature of his conduct.**

Mr. Young also argues that his sentence should be reduced because this offense was an "aberrant" act in his otherwise law-abiding life. The Guidelines commentary defines "Aberrant Behavior" as a single criminal occurrence or a single criminal transaction that (1) was committed without significant planning, (2) was of limited duration, and (3) represents a marked deviation by the defendant from an otherwise law-abiding life. U.S.S.G. § 5K2.20.

The aberrant behavior departure applies only in extraordinary cases, and must involve something more than a reduction in sentence merely because a criminal act was a first offense. *United States v. Benally,* 215 F.3d 1068, 1075 (10th Cir. 2000). Although Mr. Young has no criminal history, his course of conduct prior to his criminal act indicates that the act was not aberrant behavior. With particular reference to the conduct outlined in the September 13, 2003

letter from Assessment & Polygraph Associates (*See* Defendant's Exhibit A), the Court notes that Mr. Young had been participating for some time in activities consistent with his criminal act on the night he was arrested. Mr. Young reported that he had viewed Internet pornography throughout junior high and high school. He also indicated that he had been actively chatting, often about sex, for several months when he was arrested. He claimed that he went to adult chat rooms, but that there were individuals there who identified themselves as minors. He also admitted to going to a teen chat room. These activities present a pattern of conduct that indicate to this Court that Mr. Young's criminal behavior was not, in fact, aberrant.

The Court also agrees with the government that this was not an act conducted without significant planning. As stated above, Mr. Young *twice* attempted to meet 13-year-old girls for sexual activity. He also sent nude photos of himself to these girls, for purposes of enticing them into sexual activity. He inquired whether both girls were home alone. His conduct resulted in a planned meeting with a 13-year-old girl in a private and isolated place, presumably where sexual activity could occur unnoticed. All these facts demonstrate that the rendezvous with the 13-year-old was carefully planned. Therefore, the Court denies Defendant's motion for downward departure based on aberrant behavior.

**C.  Mr. Young's post-offense rehabilitation has been exceptional.**

The Court does agree with Mr. Young that his post-offense rehabilitation has been exceptional, providing a basis for downward departure. At the evidentiary hearing on November 9, 2005, Dr. Peter Byrne and Doris Mason, L.C.S.W. testified that Mr. Young has made

extraordinary rehabilitative progress since his offense. They noted that he takes full responsibility for his actions, and that he has voluntarily involved his parents and his girlfriend in his rehabilitation. They also noted that Mr. Young was exceptional in voluntarily taking a sexual history polygraph. Professor Donald Strassburg, Ph.D. offered expert testimony that as a result of his sex-offender treatment, Mr. Young presents a low risk of re-offending. On the basis of this evidence, the Court finds that Mr. Young's post-offense rehabilitation has indeed been exceptional, and thus provides a basis for a downward departure.

### III. CONCLUSION

Based upon the foregoing, the Court sets sentencing in this matter on the 20th day of December, 2005 at 2:30 p.m.

SO ORDERED.

DATED this 14th day of December, 2005.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT